## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**HERMAN PITTS,**

*Petitioner*,

**v.**

**U.S. DEPARTMENT OF JUSTICE,** *et al.*,

*Respondents*.

**Civil Action No. 1:23-cv-00100 (UNA)**

## <u>MEMORANDUM OPINION</u>

This matter is before the Court on its initial review of Petitioner's *pro se* Petition for Writ of Mandamus, ECF No. 1, and Application for Leave to Proceed *in forma pauperis*, ECF No. 2. Upon review, and for the reasons explained below, the Court will grant the *in forma pauperis* application and dismiss the case pursuant to 28 U.S.C. § 1915A, which requires the Court to dismiss "as soon as practicable" a prisoner's case against a governmental entity if it determines that the complaint fails to state a claim upon which relief may be granted.

Petitioner is an Oklahoma state prisoner who is an enrolled member of the Choctaw/Chickasaw Nation. He alleges that an Oklahoma state court lacked jurisdiction to prosecute, convict, and sentence him, and thus seeks a writ of mandamus to compel the U.S. Departments of Justice and Interior to "investigate, [and] if necessary, prosecute Oklahoma state officials for illegal detention of Petitioner . . . and remedy any illegal detention occurring in Oklahoma state prisons." Petitioner faces hurdles that he cannot overcome.

First, mandamus is proper only if "(1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to plaintiff."

*Council of and for the Blind of Delaware County Valley v. Regan*, 709 F.2d 1521, 1533 (D.C. Cir. 1983) (en banc).  Here, Petitioner has an available remedy in habeas.  *See Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus [.]") (citation omitted)); *Morales v. Jones*, 417 Fed. App'x 746, 749 (10th Cir. 2011) ("Absence of jurisdiction in the convicting court is indeed a basis for federal habeas corpus relief cognizable under the due process clause.").  And where "habeas is an available and potentially efficacious remedy, it is clear beyond reasonable dispute that mandamus will not appropriately lie."  *Chatman–Bey v. Thornburgh*, 864 F.2d 804, 806 (D.C. Cir. 1988).[1]

In anticipation of this limitation, Petitioner contends the avenue of habeas is foreclosed to him because of the expiration of the applicable statute of limitations and its interplay with favorable case law decided thereafter.  The Court finds this argument is unpersuasive because Petitioner may attempt to invoke equitable tolling.  *See Holland v. Florida*, 560 U.S. 631, 649 (2010).  Moreover, even if a previous habeas petition did not result in the relief sought, Petitioner may not complain that the habeas remedies that were once provided to him were somehow inadequate just because he was unsuccessful when he invoked them.  *See Garris v. Lindsay*, 794 F.2d 722, 727 n.39 (D.C. Cir. 1986), *cert. denied*, 479 U.S. 993 (1986); *Wilson v. Office of the Chairperson*, 892 F. Supp. 277, 280 (D.D.C. 1995).

Second, Petitioner may not initiate criminal proceedings by filing a petition with this Court

---

[1]    Even if Petitioner's instant claim could somehow be interpreted as one brought pursuant to habeas, this District would not have jurisdiction over his custodian, who is located in Oklahoma.  *See Stokes v. U.S. Parole Comm'n*, 374 F.3d 1235, 1239 (D.C. Cir. 2004) ("A district court may not entertain a habeas petition involving present physical custody unless the respondent custodian is within its territorial jurisdiction."); *see also Day v. Trump*, 860 F.3d 686, 691 (D.C. Cir. 2017) (affirming dismissal for want of jurisdiction where the District of Columbia was not "the district of residence of [petitioner's] immediate custodian for purposes of § 2241 habeas relief").

because the Court has no authority to compel the government to initiate a criminal investigation or to prosecute a criminal case.  *See Shoshone–Bannock Tribes v. Reno*, 56 F.3d 1476, 1480 (D.C. Cir. 1995) (citations omitted); *see also Cox v. Sec'y of Labor*, 739 F. Supp. 28, 30 (D.D.C. 1990) (citing cases).  The decision of whether or not to prosecute, and for what offense, rests with the prosecution.  *See, e.g., Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978).  "[I]n American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *see also Sargeant v. Dixon*, 130 F.3d 1067, 1069 (D.C. Cir. 1997); *Powell v. Katzenbach*, 359 F.2d 234, 234–35 (D.C. Cir. 1965) (per curiam), *cert. denied*, 384 U.S. 906 (1966); *Sattler v. Johnson*, 857 F.2d 224, 227 (4th Cir. 1988); *Sibley v. Obama*, 866 F. Supp. 2d 17, 22 (D.D.C. 2012).  Nor may Petitioner compel a criminal investigation by any law enforcement agency by filing a petition.  *See Otero v. U.S. Attorney General*, 832 F.2d 141, 141–42 (11th Cir. 1987) (per curiam); *see also Jafree v. Barber*, 689 F.2d 640, 643 (7th Cir. 1982).  "[A]n agency's decision not to prosecute or enforce, whether through civil or criminal process, is a decision generally committed to an agency's absolute discretion." *Heckler v. Chaney*, 470 U.S. 821, 831 (1985).

For all of these reasons, this case is dismissed without prejudice.  A separate Order accompanies this Memorandum Opinion.

Date: February 8, 2023

_____/s/_____
RUDOLPH CONTRERAS
United States District Judge